**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**SOUTHEASTERN DIVISION**

| | | |
|---|---|---|
| **KEVIN LEE MANES,** | ) | |
| **Plaintiff,** | ) | |
| **v.** | ) | **Case No. 1:18-CV-00060-NCC** |
| **NANCY A. BERRYHILL,** **Acting Commissioner of Social Security** | ) | |
| **Defendant.** | ) | |

**MEMORANDUM AND ORDER**

This is an action under Title 42 U.S.C. § 405(g) for judicial review of the final decision of the Commissioner denying the application of Kevin Lee Manes ("Plaintiff") for Disability Insurance Benefits ("DIB") under Title II, 42 U.S.C. §§ 401, *et seq.* and Supplemental Security Income ("SSI") under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381, *et seq.* Plaintiff has filed a brief in support of the Complaint (Doc. 13), Defendant has filed a brief in support of the Answer (Doc. 16), and Plaintiff has filed a reply brief (Doc. 17). The parties have consented to the jurisdiction of the undersigned United States Magistrate Judge pursuant to Title 28 U.S.C. § 636(c) (Doc. 7).

**I. PROCEDURAL HISTORY**

Plaintiff filed his applications for DIB and SSI on January 11, 2015 (Tr. 10, 134-49). Plaintiff was initially denied on February 20, 2015, and he filed a Request for Hearing before an Administrative Law Judge ("ALJ") (Tr. 66-75, 76-89). After a hearing on August 12, 2016, by decision dated January 5, 2017, the ALJ found Plaintiff not disabled (Tr. 7-24). On January 18,

2018, the Appeals Council denied Plaintiff's request for review (Tr. 1-4). As such, the ALJ's decision stands as the final decision of the Commissioner.

## II. DECISION OF THE ALJ

The ALJ determined that Plaintiff has not engaged in substantial gainful activity since December 22, 2014, the alleged onset date (Tr. 12). The ALJ found Plaintiff has the following severe impairments: degenerative disc disease, degenerative joint disease, bilateral hearing loss, status/post hernia repair surgery, unspecified disorder of the male genital organs, migraine headaches, and chronic obstructive pulmonary disorder but that no impairment or combination of impairments met or medically equaled the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (Tr. 12-13).

After considering the entire record, the ALJ determined Plaintiff has the residual functional capacity ("RFC") to perform light work,[1] with the following limitations (*Id.*). He can lift or carry 20 pounds occasionally and 10 pounds frequently (*Id.*). He can stand or walk 6 hours in an 8-hour workday (*Id.*). He can sit for 6 hours in an 8-hour workday (*Id.*). He can push or pull in the limits for lifting and carrying (*Id.*). Plaintiff is able to occasionally bend, kneel, crouch, and crawl (*Id.*). He can occasionally use ramps, stairs, ladders, ropes, and scaffolds (*Id.*). He can do occasional overhead reaching with his right dominant upper extremity (*Id.*). He should work in a moderate or office noise level environment (*Id.*). He should avoid concentrated exposure to flashing lights and inhaled pulmonary irritants, such as dust, fumes, odors, poor ventilation, and high humidity (*Id.*). The ALJ found Plaintiff incapable of performing his past relevant work (Tr. 18). However, the ALJ found there are jobs that exist in significant numbers that Plaintiff can perform, namely jobs as a routing clerk, cafeteria attendant,

[1] "Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds." 20 C.F.R. §§ 404.1567(b), 416.967(b).

and mail clerk (Tr. 18-19). Accordingly, the ALJ concluded that a finding of "not disabled" was appropriate.

## III. LEGAL STANDARD

Under the Social Security Act, the Commissioner has established a five-step process for determining whether a person is disabled. 20 C.F.R. §§ 416.920, 404.1529. "If a claimant fails to meet the criteria at any step in the evaluation of disability, the process ends and the claimant is determined to be not disabled." *Goff v. Barnhart*, 421 F.3d 785, 790 (8th Cir. 2005) (quoting *Eichelberger v. Barnhart*, 390 F.3d 584, 590-91 (8th Cir. 2004)). In this sequential analysis, the claimant first cannot be engaged in "substantial gainful activity" to qualify for disability benefits. 20 C.F.R. §§ 416.920(b), 404.1520(b). Second, the claimant must have a severe impairment. 20 C.F.R. §§ 416.920(c), 404.1520(c). The Social Security Act defines "severe impairment" as "any impairment or combination of impairments which significantly limits [claimant's] physical or mental ability to do basic work activities. . . ." *Id.* "'The sequential evaluation process may be terminated at step two only when the claimant's impairment or combination of impairments would have no more than a minimal impact on [his or] her ability to work.'" *Page v. Astrue*, 484 F.3d 1040, 1043 (8th Cir. 2007) (quoting *Caviness v. Massanari*, 250 F.3d 603, 605 (8th Cir. 2001), citing *Nguyen v. Chater*, 75 F.3d 429, 430-31 (8th Cir. 1996)).

Third, the ALJ must determine whether the claimant has an impairment which meets or equals one of the impairments listed in the Regulations. 20 C.F.R. §§ 416.920(d), 404.1520(d). If the claimant has one of, or the medical equivalent of, these impairments, then the claimant is per se disabled without consideration of the claimant's age, education, or work history. *Id.*

Fourth, the impairment must prevent the claimant from doing past relevant work. 20 C.F.R. §§ 416.920(f), 404.1520(f). The burden rests with the claimant at this fourth step to

establish his or her RFC. *Steed v. Astrue*, 524 F.3d 872, 874 n.3 (8th Cir. 2008) ("Through step four of this analysis, the claimant has the burden of showing that she is disabled."). The ALJ will review a claimant's RFC and the physical and mental demands of the work the claimant has done in the past. 20 C.F.R. § 404.1520(f).

Fifth, the severe impairment must prevent the claimant from doing any other work. 20 C.F.R. §§ 416.920(g), 404.1520(g). At this fifth step of the sequential analysis, the Commissioner has the burden of production to show evidence of other jobs in the national economy that can be performed by a person with the claimant's RFC. *Steed*, 524 F.3d at 874 n.3. If the claimant meets these standards, the ALJ will find the claimant to be disabled. "The ultimate burden of persuasion to prove disability, however, remains with the claimant." *Young v. Apfel*, 221 F.3d 1065, 1069 n.5 (8th Cir. 2000). *See also Harris v. Barnhart*, 356 F.3d 926, 931 n.2 (8th Cir. 2004) (citing 68 Fed. Reg. 51153, 51155 (Aug. 26, 2003)); *Stormo v. Barnhart*, 377 F.3d 801, 806 (8th Cir. 2004) ("The burden of persuasion to prove disability and to demonstrate RFC remains on the claimant, even when the burden of production shifts to the Commissioner at step five."). Even if a court finds that there is a preponderance of the evidence against the ALJ's decision, the decision must be affirmed if it is supported by substantial evidence. *Clark v. Heckler*, 733 F.2d 65, 68 (8th Cir. 1984). "Substantial evidence is less than a preponderance but is enough that a reasonable mind would find it adequate to support the Commissioner's conclusion." *Krogmeier v. Barnhart*, 294 F.3d 1019, 1022 (8th Cir. 2002). *See also Cox v. Astrue*, 495 F.3d 614, 617 (8th Cir. 2007).

It is not the job of the district court to re-weigh the evidence or review the factual record de novo. *Cox*, 495 F.3d at 617. Instead, the district court must simply determine whether the quantity and quality of evidence is enough so that a reasonable mind might find it adequate to

support the ALJ's conclusion. *Davis v. Apfel*, 239 F.3d 962, 966 (8th Cir. 2001) (citing *McKinney v. Apfel*, 228 F.3d 860, 863 (8th Cir. 2000)). Weighing the evidence is a function of the ALJ, who is the fact-finder. *Masterson v. Barnhart*, 363 F.3d 731, 736 (8th Cir. 2004). Thus, an administrative decision which is supported by substantial evidence is not subject to reversal merely because substantial evidence may also support an opposite conclusion or because the reviewing court would have decided differently. *Krogmeier*, 294 F.3d at 1022.

To determine whether the Commissioner's final decision is supported by substantial evidence, the court is required to review the administrative record as a whole and to consider:

> (1) Findings of credibility made by the ALJ;
>
> (2) The education, background, work history, and age of the claimant;
>
> (3) The medical evidence given by the claimant's treating physicians;
>
> (4) The subjective complaints of pain and description of the claimant's physical activity and impairment;
>
> (5) The corroboration by third parties of the claimant's physical impairment;
>
> (6) The testimony of vocational experts based upon proper hypothetical questions which fairly set forth the claimant's physical impairment; and
>
> (7) The testimony of consulting physicians.

*Brand v. Sec'y of Dep't of Health, Educ. & Welfare*, 623 F.2d 523, 527 (8th Cir. 1980).

## IV. DISCUSSION

In his appeal of the Commissioner's decision, Plaintiff raises two issues. First, Plaintiff asserts the ALJ failed to apply the Psychiatric Review Technique ("PRT") when assessing the severity of Plaintiff's mental impairments (Doc. 16 at 1). Second, Plaintiff contends the ALJ failed to properly derive a residual functioning capacity ("RFC") by affording only little weight to the opinions of record and failing to explain how other medical evidence is supported in the

RFC (*Id.*). Because the ALJ failed to apply the Psychiatric Review Technique ("PRT") when assessing the severity of Plaintiff's mental impairments, the Court will only address this issue (Doc. 16 at 1).

At Step 2, the Commissioner must determine whether a claimant has a severe impairment. "An impairment or combination of impairments is not severe if it does not significantly limit your physical or mental ability to do basic work activities." 20 C.F.R. §§ 404.1521, 416.921. While a claimant has the burden of showing a severe impairment that severely limits his physical or mental ability to perform basic work activities, the burden "is not great" and "[t]he sequential evaluation process may be terminated at step two only when the claimant's impairment or combination of impairments would have no more than a minimal impact on [his] ability to work." *Caviness*, 250 F.3d at 605. Basic work activities are those "abilities and aptitudes necessary to do most jobs." 20 C.F.R. §§ 404.1521(b), 416.921(b). Additionally, to support a finding of disability, a severe impairment must have lasted or must be expected to last for a continuous period of at least twelve months. 20 C.F.R. §§ 404.1520(a)(4)(ii), 404.1509.

When "mental impairments are present," the ALJ is required to evaluate the severity of those impairments using a special technique called the PRT. *Cuthrell v. Astrue*, 702 F.3d 1114, 1117 (8th Cir. 2013) (citing 20 C.F.R. § 404.1520(a)). Under the PRT, the ALJ "must first evaluate [the claimant's] pertinent symptoms, signs, and laboratory findings to determine whether [the claimant has] a medically determinable mental impairment(s)." *Id.* at 1118 (citing 20 C.F.R. § 404.1520a(b)(1)). The ALJ must then assess the degree to which the impairment causes limitations in each of several functional areas: (1) activities of daily living, (2) social functioning, (3) concentration, persistence or pace, and (4) episodes of decompensation. 20

C.F.R. §§ 404.1520a(b), (c)(3), 416. 20a(b), (c)(3). The ALJ's written decision must reflect application of the technique and must include specific findings as to the degree of functional limitations the claimant has. 20 C.F.R. §§ 404.1520a(e)(4), 416.920a(e)(4). Here, Defendant does not apparently dispute that the ALJ failed to properly use the PRT in determining whether Plaintiff's mental impairments were severe (*See* Doc. 16 at 10-12). Instead, Defendant argues that the error was harmless because Plaintiff's mental health conditions are not severe impairments expected to last for a period of at least 12 months and, regardless, are controlled by medication (*Id.* at 11).

The Court finds that the ALJ's failure to perform the PRT in determining whether Plaintiff's depression and anxiety are severe impairments is not harmless and requires remand. First, Plaintiff listed depression as an impairment on his application (Tr. 50, 57, 175). *See cf. Dunahoo v. Apfel*, 241 F.3d 1033, 1039 (8th Cir. 2001) (observing that a failure to allege depression in an application for benefits is significant, even if the evidence of depression was later developed). Indeed, in his Adult Function Report dated January 27, 2015, Plaintiff reported trouble getting along with family, friends, and neighbors due to stress, anxiety, mood swings (Tr. 217). Plaintiff further indicated that he does not get along with authority figures (Tr. 218) or handle stress or changes in routine well (Tr. 219).

Second, Plaintiff's subjective complaints are supported by the medical record. Plaintiff was diagnosed with anxiety and depression and prescribed medication (Tr. 508, 510). As noted by Defendant, many records prior to Plaintiff's mental health diagnoses indicated fairly normal psychiatric findings. *See* Tr. 273, 275, 277, 279, 281, 283 (normal mood, affect, and judgment); 319 (awake and alert, oriented to person, place, time, and situation); 342, 378, 423, 434, 446 (good judgment, active and alert); 400 (cooperative behavior); 429 (stable emotion demeanor).

However, during that period, the record also included several instances of noted psychiatric abnormalities. For example, in a treatment note dated October 15, 2014, Dr. Melissa Devito indicated that "Patient is hyperverbal[sic] and excitable. He often interrupts the examiner" (Tr. 372). Dr. Devito therefore found Plaintiff's mental status to be "agitated" (*Id.*). Later that same month, Dr. Devito counseled Plaintiff to treat staff with consideration after calling "the office at least twice and [having] unpleasant, argumentative interactions with staff over the phone" (Tr. 503). Dr. Devito noted that while Plaintiff's affect was not threatening, "his speech was somewhat pressured and his thought process was disorganized. He was redirected from various topics with difficulty" (Tr. 503). A month later, on November 4, 2014, Family Nurse Practitioner Miriam Brehmer ("Nurse Brehmer") noted that Plaintiff is "unkempt" and has "pressured speech" (Tr. 389). In November 2015, Nurse Brehmer again noted that Plaintiff engaged in "exaggerated speech [and] actions" (Tr. 450). Further, when initially diagnosed with anxiety and prescribed medication, Family Nurse Practitioner Dana Cooper noted that Plaintiff had "not been able to sleep for seven days" and that he was "very loud and upset today and very anxious" (Tr. 510). Therefore, the medical record establishes that Plaintiff's depression and anxiety constituted "more than a minimal impact on [his] ability to work." *Caviness*, 250 F.3d at 605.

Moreover, even if the Court were to accept that Plaintiff's mental health impairments are non-severe, there is no indication that the ALJ considered these impairments when determining Plaintiff's RFC. *Ford v. Astrue*, 518 F.3d 979, 981 (8th Cir. 2008). *See also Brockman v. Berryhill*, No. 2:16-CV-00032 JAR, 2017 WL 4339502, at *4 (E.D. Mo. Sept. 29, 2017); 20 C.F.R. §§ 404.1545(a)(2), 416.945(a)(2) ("If you have more than one impairment. We will consider all of your medically determinable impairments of which we are aware, including your

medically determinable impairments that are not 'severe,' as explained in §§ 404.1520(c), 404.1521, and 404.1523, when we assess your residual functional capacity."). While the ALJ found that "there is no reason to assume that the medication [Plaintiff] is receiving will not effectively treat his symptoms," a finding traditionally reserved for Step 4, the remainder of the ALJ's short opinion is silent regarding Plaintiff's mental health impairments (*See* Tr. 13-18). Further, there is no indication from the record that Plaintiff's mental health impairments are controlled by medication. Although Plaintiff reported that he felt well at a visit after being initially prescribed medication to treat his depression and anxiety, in the context of the entire treatment record, it appears Plaintiff made the statement regarding his physical impairments (Tr. 508). Additionally, at that same visit, the dosage of Plaintiff's psychotropic medication was increased (*Id.*). *Cf. Brown v. Barnhart*, 390 F.3d 535, 540 (8th Cir. 2004) ("If an impairment can be controlled by treatment or medication, it cannot be considered disabling." (internal quotation marks and citation omitted)).

To the extent Defendant asserts that Plaintiff has failed to establish that his impairments have lasted for a continuous period of not less than 12 months, the plain language of the statute and regulations demonstrates that the ALJ must consider whether the impairments have already lasted for 12 months; and, if not, whether the impairments could be expected to last for 12 months. 20 C.F.R. § 404.1509; *see also* Social Security Ruling 82-52, 1982 WL 31376 ("the disabling impairment(s) . . . must be expected to result in death, or must have lasted (or be expected to last) for at least 12 continuous months from the date of onset"). Here, while the ALJ clearly indicated that "these conditions do not presently meet the 12-month durational requirement for a severe impairment," mental health impairments tend to be longitudinal in

nature and the ALJ failed to address whether the impairment could be expected to last for 12 months.

Accordingly, as the record contains credible evidence that Plaintiff has the severe mental impairments of depression and anxiety, the ALJ's failure to perform the PRT is not harmless error and requires reversal. *Cf. Yates v. Colvin*, No. 4:14-CV-00097-SPM, 2015 WL 457942, at *3 (E.D. Mo. Feb. 3, 2015) (listing cases) ("Courts have found that where there is no credible evidence of a severe mental impairment, the failure to perform the PRT is harmless error and does not require reversal").

## V. CONCLUSION

For the reasons set forth above, the Court finds the ALJ's decision was not based on substantial evidence in the record as a whole and should be reversed and remanded. On remand, the ALJ is directed to reconsider Plaintiff's severe impairments at step two; further develop the medical record if necessary; and then proceed through the sequential evaluation process before issuing a new decision.

**IT IS HEREBY ORDERED** that this action is **REVERSED AND REMANDED** to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g) for further consideration in accordance with this Memorandum and Order.

A separate judgment will accompany this Memorandum and Order.

Dated this 21st day of March, 2019.

/s/ Noelle C. Collins
NOELLE C. COLLINS
UNITED STATES MAGISTRATE JUDGE